UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: --------------------

SEACO GLOBAL, LTD.,

   Plaintiff,

vs.

AFCO HOLDINGS, LLC.

   Defendant.
_____

# COMPLAINT

Plaintiff SEACO GLOBAL, LTD. ("SEACO") by and through undersigned counsel now files this it's Complaint against the defendant AFCO HOLDINGS, LLC ("AFCO") and alleges as follows:

1. This is an action for money damages wherein the amount in controversy exceeds $75,000, exclusive of interest, costs, or attorney fees.

2. SEACO is incorporated under the laws of the United Kingdom, and has its principal place of business in London, England.

3. AFCO is a limited liability company organized under the laws of the state of Florida and has its principal place of business in Pompano Beach, Florida.

4. SEACO is the lessor of personal property, specifically refrigerated cargo containers used to transport cargo in international commerce.

5. AFCO contractually assumed the responsibility for the payment of amounts due and owing to the Plaintiff arising from its lease of the containers.

6. AFCO has breached its agreements with SEACO by failing to make payments to SEACO as required by those agreements.

7. This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. §1332, as there is complete diversity between the Parties and the amount in dispute exceeds the sum of $75,000.00.

8. Any conditions precedent to the commencement of this action have been fulfilled, or excused, or waived.

9. SEACO has engaged the undersigned law firm to bring this action and has obligated itself to pay a reasonable fee for such services.

## COUNT ONE - BREACH OF ASSIGNMENT AND ASSUMPTION OF LEASES AGREEMENT

SEACO realleges and incorporates by reference herein paragraphs 1 through 9 as though set forth herein at length and further alleges as follows:

10. On November 16, 2012, SEACO as lessor entered into Lease 180610 and 180580 (the "AALA leases") with Ayco Farms, Inc. as the lessee. Copies of these leases are in the possession of the Defendant.

11. Ayco Farms, Inc. is a company affiliated with Defendant AFCO HOLDINGS.

12. Pursuant to the AALA leases, Ayco Farms, Inc. was provided the use of these refrigerated cargo containers (a/k/a "reefers") for agreed upon rental to be paid to SEACO.

13. SEACO General Terms and Conditions are incorporated by reference in the AALA leases and copies are in the possession of the Defendant.

14. On December 31, 2015, SEACO and AFCO entered into an Assignment and Assumption of the Leases Agreement ("AAL Agreement") pursuant to which AFCO took over

responsibility for the lease payments and compliance with the other terms of the AALA leases. Copies of this Agreement is in the possession of the Defendant.

15. Pursuant to the AAL Agreement and the AALA leases, AFCO is obligated to make rental payments for the containers to SEACO through November 2020.

16. After entering into the AAL Agreement, AFCO made payments to SEACO as required by the AALA leases.

17. AFCO stopped making payments at the beginning of 2020, however and to date has failed to remit payment for rental billing totaling $101,091.87 under the AAL Agreement for the months of January – April 2020, which monthly payments are continuing through the remainder of the agreed terms.

18. AFCO is in default of the AAL Agreement for its failure to remit the rental payments for the months of January – May 2020 and continuing.

19. On May 21, 2020, Plaintiff delivered via e-mail written notice to AFCO that the AALA leases with SEACO were terminated effective immediately, and instructed AFCO as required by the Agreement terms to immediately: (A) pay all of the outstanding rental charges to SEACO; (B) account for the current location of all of the containers subject to the AAL Agreement / AALA leases; and (C) return all of the containers subject to the AAL Agreement / AALA leases to Plaintiff's Florida depots as required by the AALA leases.

20. To date, AFCO has failed to cure the default and has not otherwise complied with the Plaintiff's instructions and demand for return of the containers.

21. Because more than five days have elapsed since the AALA leases were terminated and AFCO has not returned any of the containers still on-hire under the AALA leases, pursuant to paragraph 2 of the General Terms and Conditions, Plaintiff is now entitled to treat all of

the equipment as lost, obligating AFCO to also pay the contractually prescribed Replacement Value of all on-hire equipment. The Replacement Value for each of the piece of equipment which remain still on-hire under the leases is shown in exhibit 1 hereto.

WHEREFORE, SEACO prays for the entry of a money judgment in its favor, and against AFCO for its breach of the AAL Agreement, and an award of damages for the amount stated herein plus any additional damages as specified in the AALA leases which continue to accrue, along with interest, costs, attorney fees, and such other and further relief the Court deems appropriate.

## COUNT TWO - BREACH OF DEBT REPAYMENT AGREEMENT

Plaintiff realleges and incorporates by reference herein paragraphs 1 through 21 as though said paragraphs were set forth herein at length and further alleges as follows:

22. SEACO as lessor entered into Lease 140755 and CT018884 (the "DP leases") with Ayco Farms, Inc. as the lessee.
23. Ayco Farms, Inc. is a company affiliated with Defendant AFCO.
24. Pursuant to the DP leases, Ayco Farms, Inc. was provided use of refrigerated cargo containers (a/k/a "reefers") for agreed upon rental charges to be paid to SEACO.
25. SEACO's General Terms and Conditions are incorporated by reference in the DP leases.
26. On June 13, 2019, SEACO and AFCO entered into a Debt Payment Agreement ("DP Agreement") pursuant to which AFCO agreed to make scheduled payments to the Plaintiff for agreed upon repair charges associated with containers leased under the DP leases. A copy of this Agreement is in the possession of the Defendant.
27. After entering into the DP Agreement, AFCO made payments to SEACO in accordance with the required monthly schedules of the DP Agreement, but it has failed to complete the requisite payments as required.

28. AFCO owes SEACO $75,924.13 which remains due and owing to SEACO under the DP Agreement.

WHEREFORE, SEACO prays for the entry of a money judgment in its favor, and against AFCO for its breach of the DP Agreement, and to award damages in the amount of $75,924.13 plus interest, costs, attorney fees, and such other and further relief the Court deems appropriate.

### COUNT THREE –REPLEVIN

Plaintiff realleges and incorporates by reference herein paragraphs 1 through 28 as though said paragraphs were set forth herein at length and further alleges as follows:

29. This is a claim to recover possession of personal property pursuant to F.S. § 78.055 and Fed.R.Civ.Pro. 64.

30. The description of the property is contained in the spreadsheet attached hereto as exhibit 1, which identifies the following: 115 refrigerated containers subject to lease 180610 and lease 180580 dated November 16, 2012, 1 reefer subject to lease 112056 dated Sept 1, 2013; 1 high cube dry freight container subject to lease 128079 dated August 1, 2015; 2 reefers subject to lease CTO18884 dated August 1, 2015 (lessor was originally Cronos Containers Limited, in 2015 Seaco took over Cronos and the lease was assigned and assumed to Seaco on 1 October 2015); 8 reefers subject to lease 181801 dated Sept 1, 2016 (hereinafter "the property").

31. To plaintiff's best knowledge, information and belief the value of the property is $1,444,120.00, as itemized in exhibit 1, and its location is Port Everglades, Florida.

32. SEACO is entitled to possession of the property as the true and lawful owner.  The referenced lease agreements, which allowed AFCO to utilize and possess the equipment as lessee, have been breached by AFCO.

33. The property is being wrongfully detained by AFCO.  AFCO's entitlement to possession of the property was based on the lease agreements referenced in Exhibit 1, which AFCO has breached. AFCO has failed and refused to pay for the use of the property as required by the lease agreements and notwithstanding AFCO's contractual obligation to return the property and despite SEACO's demand for the return of the property, AFCO has failed and refused to do so.

34. The property has not been taken for tax assessments or fines pursuant to law.

35. The property has not been taken under an execution or attachment against the property of SEACO or if taken, are exempt.

WHEREFORE, Wherefore Plaintiff SEACO demands a final judgment of possession and damages against Defendant AFCO including interest and any costs authorized by law.

Dated this 4th day of June, 2020.

>Respectfully submitted,
>
>BLANCK & COOPER, P.A.
>5730 S.W. 74th Street, Suite #700
>Miami, Florida  33143
>Phone:  (305) 663-0177
>Facsimile:  (305) 663-0146
>**BY:  //S//Robert W. Blanck, Esq.//**
>Robert W. Blanck, Esq. Fl Bar #311367
>Email: rblanck@shiplawusa.com
>Jonathan S. Cooper, Esq. Fl Bar #99376
>Email: jcooper@shiplawusa.com
>Attorneys for PLAINTIFF SEACO

7910/Complaint